ANTHONY THOMPSON, WAYNE TESTOLIN, GEORGE PENOLA AND WILLIAM SCHAEFER, APPELLANTS, v. STATE OF NEVADA, RESPONDENT.

No. 6339

October 8, 1970                         475 P.2d 96

*Richards & Demetras,* of Reno, for Appellants.

*Harvey Dickerson,* Attorney General, and *Charles B. Evans, Jr.,* District Attorney, Eureka County, for Respondent.

## O P I N I O N

By the Court, ZENOFF, J.:

Petitioners were arrested and charged with the commission of several felonies in Eureka Township. After a preliminary hearing on December 16, 1969 informations were filed but not until January 12, 1970, nine days after the statutory time for filing had expired. On February 5 subpoenas were issued for their attendance at the arraignment scheduled for February 12, but on February 11 that date was canceled by the district court and reset for "sometime" in March. On March 10, 1970 they petitioned for a writ of habeas corpus complaining of the nine-day delay in filing the informations after a preliminary hearing was held.

NRS 173.035(3) requires that the information be filed within 15 days after the preliminary hearing is decided. In this appeal from the denial of their petition by the district court the state seeks to excuse the delay as having been caused by the appellants but do not tell us what those facts were. On the other hand, petitioners make no showing how or in what manner they have been prejudiced by the nine-day delay. The record shows that they did not seek the writ of habeas corpus until two months after the infraction occurred. NRS 178.556 provides for trial court discretion which was exercised against the petitioners.

Statutes prescribing filing times and trial dates serve as protection against oppression of people accused of crimes. In this case we note no oppression since the petitioners have been on bail since the date of their arrest and the record reflects a casualness on their part that negates probabilities that they are being denied due process.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.