RON ADAMS, Appellant, *v.* SHERIFF, WHITE
PINE COUNTY, NEVADA, Respondent.

No. 8358

September 17, 1975                    540 P.2d 118

*John Manzonie,* Ely, for Appellant.

*Robert List,* Attorney General, Carson City; and *Rupert C. Schneider,* District Attorney, White Pine County, for Respondent.

## OPINION

*Per Curiam:*

A two count indictment was returned against Ron Adams January 29, 1975. When Adams first learned of the indictment from a newspaper article on March 27, 1975, he promptly surrendered and posted bond. The state took no action in the case until May 30, 1975, when arraignment was scheduled for June 16, 1975, 81 days after the arrest and 138 days after the finding of the indictment.

Contending, *inter alia,* he had been denied his right to a speedy trial, Adams sought and was denied habeas relief in the district court; and, in this appeal he argues that our decision in Ex Parte Morris, 78 Nev. 123, 369 P.2d 456 (1962), compels us to reverse. We agree.

The right to a speedy trial in Nevada is legislatively recognized.[1] This court has previously determined the "60-day rule"

---

[1] NRS 178.556 provides: "If no indictment is found or information filed against a person within 15 days after he has been held to answer

prescribed in our statute has flexibility. See, for example, Oberle v. Fogliani, 82 Nev. 428, 430, 420 P.2d 251, 252 (1966), where we said: "If the defendant is responsible for the delay of trial beyond the 60 day limit, he may not complain . . . [T]he trial court may give due consideration to the condition of its calendar, other pending cases, public expense, the health of the judge, and the rights of co-defendants."

If the state is responsible for the delay, the "burden of showing good cause [for the delay] is upon the prosecution and, if not shown, the accused will be discharged upon timely application. Ex Parte Morris, 78 Nev. 123, 369 P.2d 456 (1962)." *Oberle, supra,* 82 Nev. at 431, 420 P.2d at 252.

In this case the record is barren of any legal cause for the state's failure to timely arrest, arraign or try Adams. Accordingly, we reverse and remand this case to the district court with instructions to grant the petition for a writ of habeas corpus.

for a public offense, or if a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court may dismiss the indictment, information or complaint."

An accused is entitled to a speedy trial pursuant to the Sixth Amendment of the United States Constitution; and, this right was made applicable to the states in Klopfer v. North Carolina, 386 U.S. 213 (1967). We need not and do not reach constitutional rights or questions in the instant case.