FRANKLIN FOSTER BERRY, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 10185

November 16, 1977                    571 P.2d 109

---

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Following a preliminary examination on August 24, 1977, Franklin Foster Berry was ordered to stand trial for robbery (NRS 200.380). However, the state neglected to file the information until September 12, 1977, four days after the expiration of the time period prescribed by NRS 173.035(3).[1] Berry then filed a pretrial petition for a writ of habeas corpus contending he was immune from prosecution because the information had not been timely filed. Habeas was denied and Berry reasserts the same contention in this appeal. The contention is without merit.

NRS 178.556 provides, in part, and this court has consistently held, that the district court may within its discretion, dismiss an information or indictment that has not been filed "within 15 days" after an accused has been held to answer, or, if the accused has not been afforded a "trial within 60 days

---

[1] NRS 173.035(3) provides in pertinent part:
"The information shall be filed within 15 days after the holding or waiver of the preliminary examination."

after the finding of the indictment or filing of the information, . . ." *See, for example,* State v. Craig, 87 Nev. 199, 484 P.2d 719 (1971). Here, Berry does not suggest there was an abuse of discretion; rather, he argues, mistakenly, that because of the four (4) day delay, "mandatory dismissal" of the charge is automatic.

We have previously affirmed a district court order which denied habeas where there had been a nine-day delay in filing the information. *See* Thompson v. State, 86 Nev. 682, 475 P.2d 96 (1970). In *Thompson* appellants made no showing of how or in what manner they had been prejudiced by the delay. *Id.* at 683, 475 P.2d at 97. This record is also barren of any documentation to establish that the short delay may have prejudiced Berry. Furthermore, there is no suggestion of oppression or other constitutional infringement achieving the magnitude of a cognizable claim. *Cf.* Moore v. Arizona, 414 U.S. 25 (1973).

Affirmed.