RICHARD EDWARD MELLO, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 9512

December 27, 1977                    572 P.2d 533

*Rodlin Goff,* State Public Defender, and *John Kadlic,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, and *Shirley Smith,* Deputy Attorney General, Carson City, and *David B. Small,* District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

While incarcerated in the Nevada State Prison, appellant was charged with possession of a controlled substance and the attempt to supply a controlled substance, in violation of NRS 453.336, 453.321 and 208.070.

On June 21, 1976, he entered a plea of not guilty to the charge. His trial was originally set for August 26, 1976. However, due to conflicting assignments of the deputy attorney general prosecuting the case and the district judge's vacation, trial was postponed until October 13, 1976. Appellant notified the court he would not waive any applicable time limits.

At trial, the evidence revealed that appellant had attempted to supply a fellow prisoner with ten marijuana cigarettes by asking a guard to deliver an eight-track tape in which marijuana was concealed. Appellant was convicted on both counts found in the information and received maximum sentences. In

this appeal, he alleges that NRS 178.556[1] has been violated and because of that violation his conviction should be overturned. We disagree.

In pertinent part, NRS 178.556 provides that if a criminal case "is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court *may* dismiss the indictment, information, or complaint." [Emphasis added.] Appellant requests that we read this discretionary statute to be mandatory.

Appellant's reliance on Ex Parte Morris, 78 Nev. 123, 369 P.2d 456 (1962) and Adams v. Sheriff, 91 Nev. 575, 540 P.2d 118 (1975) to support his position is misplaced. In *Morris* the holding was based upon specific mandatory language of a statute[2] which was repealed and replaced by NRS 178.556. Nor is *Adams, supra,* supportive of appellant's case. There, although we emphasized the flexibility of the statutory time limit, we reversed because there was an unexplained 138 day delay after the finding of an indictment and because the record was "barren of any legal cause for the state's failure to timely arrest, arraign or try Adams." Id. at 576, 540 P.2d at 119.

Here the appellant was already serving two sentences of life imprisonment, one without possibility of parole. His trial was set as soon as circumstances permitted. He has shown no prejudice and the record reveals none. He does not claim his right to a speedy trial has been violated, nor could he. *See* Barker v. Wingo, 407 U.S. 514 (1972); Sheriff v. McKinney, 93 Nev. 313, 565 P.2d 649 (1977). His entire claim of error is based upon the mistaken assumption that dismissal under NRS 178.556 is mandatory.

Affirmed.[3]

---

[1]NRS 178.556: "If no indictment is found or information filed against a person within fifteen days after he has been held to answer for a public offense, or if a defendant whose trial has not been postponed upon his application is not brought to trial within sixty days after the finding of the indictment or filing of the information, the court *may* dismiss the indictment, information, or complaint." [Emphasis added.]

[2]NRS 178.495, *repealed by* 1967 Nev. Stats. ch. 523, § 447 provided: "If a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court *shall* order the indictment or information to be dismissed, . . ." [Emphasis added.]

[3]The Governor designated Paul S. Goldman, Judge of the Eighth Judicial District, to sit in place of Hon. Gordon Thompson, Justice, who was disabled. Nev. Const. art. 6, § 4.