131 Nev., Advance Opinion 93

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

| | |
|---|---|
| MATTHEW LEON MOULTRIE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 65390<br><br>**FILED**<br><br>DEC 2 4 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a conditional guilty plea, of possession of a controlled substance with intent to sell, a category D felony under NRS 453.337(2)(a). Fifth Judicial District Court, Esmeralda County; Robert W. Lane, Judge.

*Affirmed.*

Law Offices of Chris Arabia, PC, and Christopher R. Arabia, Las Vegas, for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; and Robert E. Glennen, III, District Attorney, Esmeralda County, for Respondent.

BEFORE GIBBONS, C.J., TAO and SILVER, JJ.

*OPINION*

By the Court, GIBBONS, C.J.:

In this appeal, we address whether a district court abused its discretion by allowing the State to file an information by affidavit more than 15 days after the preliminary examination concluded where the defendant was discharged but was not prejudiced by the delay. Additionally, we define the term "egregious error" and address whether a

3/21/16: Corrected per letter to publishers. CJ

12/29/15: Modified by order. CJ

15-901645

justice court commits egregious error if the error results in the dismissal of a charge or discharge of a criminal defendant for lack of probable cause.

## STATEMENT OF THE FACTS

Appellant Matthew Moultrie was a passenger in a car stopped for a traffic violation by Deputy Sheriff Matthew Kirkland. The driver orally consented to a search of the car. Kirkland discovered a backpack on the seat or floor behind Moultrie that contained $50, a glass pipe, and a plastic bag holding a crystalline substance. Moultrie claimed the items belonged to someone else. Kirkland arrested Moultrie for drug possession because Kirkland believed the substance was methamphetamine and it belonged to Moultrie. Moultrie admitted ownership of the items after being advised of his *Miranda*[1] rights and admitted he planned to sell the drugs. The substance tested presumptively positive for amphetamine.

The Justice Court of Esmeralda Township held a preliminary examination, and the State called Kirkland and another deputy as witnesses. Moultrie objected on hearsay grounds to Kirkland's testimony that the driver provided oral consent for a search of the car, and the justice court sustained the objection. Moultrie then objected to any testimony about evidence seized during the search as fruit of the poisonous tree. The justice court briefly inquired into whether there was consent to search the backpack, but no testimony was given and no ruling was made. The justice court allowed the hearing to proceed but ultimately excluded the testimony describing the evidence seized during the search.

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

Possession of a controlled substance with intent to sell is a category D felony under NRS 453.337(2)(a). It is a category C felony if the defendant has a prior conviction and is convicted under NRS 453.337(2)(b). The State charged Moultrie in the criminal complaint with the category C felony but did not allege a prior conviction in the complaint or produce any evidence at the preliminary examination demonstrating that a prior conviction existed. During its rebuttal closing argument, the State moved to amend the complaint to charge Moultrie under NRS 453.337(2)(a) in order to conform to the evidence produced. The justice court denied the State's motion. The justice court concluded that the State did not meet its burden of proof for the category C felony and discharged Moultrie.

The State moved for leave to file an information by affidavit in the district court and included a proposed information charging Moultrie with the category D felony, asserting egregious error by the justice court. The State filed the motion 63 days after the justice court discharged Moultrie. Moultrie opposed the State's motion, claiming the motion was untimely, was filed without good cause for the delay, and was prejudicial. Moultrie also responded that the justice court did not commit egregious error; therefore, the State had no basis to file an information by affidavit.

The district court granted the State's motion 34 days after it was filed, concluding the State presented sufficient evidence during the preliminary examination to support a finding of probable cause for the category D felony. Additionally, the district court concluded that (1) the State's delay in filing the motion did not prejudice Moultrie, (2) the justice court committed egregious error by sustaining Moultrie's hearsay

objection, and (3) the justice court committed egregious error by denying the State's motion to amend the complaint.

Moultrie pleaded guilty as charged but reserved the right to appeal the district court's order granting the State's motion to file an information. *See* NRS 174.035(3). The district court imposed a prison sentence of 19 to 48 months but suspended it and placed Moultrie on probation for five years. This appeal follows.

## ANALYSIS

### Timeliness of the motion

Moultrie first contends that the district court erred by permitting the State to file an information by affidavit when the State filed its motion for leave of court 63 days after he was discharged by the justice court. We disagree.

It is within the discretion of the district court to grant a motion to file an information by affidavit. *See* NRS 173.035(2). To establish that the district court abused its discretion by granting a motion to file an information by affidavit more than 15 days after the preliminary examination,[2] the defendant must demonstrate actual prejudice resulting

---

[2]Although not argued below or on appeal, we note that applying the 15-day time limit to the filing of an information by affidavit pursuant to NRS 173.035(2) is problematic. Pursuant to NRS 173.035(3), an information must be filed within 15 days of the holding of a preliminary examination. If a defendant is held to answer, the State exercises an executive or administrative function by filing the information in district court. *See* NRS 173.045. The 15-day limitation is a logical restriction in the case of a defendant being held to answer because filing an information simply involves retitling the complaint as an information and endorsing the names of witnesses. *Id.* If a defendant is discharged, however, an information by affidavit may only be filed if the State first obtains leave of court, a judicial decision, without a statutory- or rule-imposed deadline on

*continued on next page...*

from the untimely filing. *See, e.g., Berry v. Sheriff, Clark Cnty.*, 93 Nev. 557, 558-59, 571 P.2d 109, 110 (1977) (holding that where no prejudice was demonstrated, the district court did not abuse its discretion by denying a motion to dismiss an information that was filed more than 15 days after the preliminary examination); *Thompson v. State*, 86 Nev. 682, 683, 475 P.2d 96, 97 (1970) (same). The prejudice alleged cannot be hypothetical or speculative. *See Wyman v. State*, 125 Nev. 592, 601, 217 P.3d 572, 579 (2009) (rejecting claim of prejudice resulting from pre-indictment delay where the defendant failed "to make a particularized showing of actual, nonspeculative prejudice resulting from the delay"); *State v. Autry*, 103 Nev. 552, 555-56, 746 P.2d 637, 639-40 (1987) (reversing district court order granting a pretrial petition for a writ of habeas corpus where defendant's claims of prejudice were speculative and premature).

Here, the State did not file the motion for leave of court to file an information by affidavit until 63 days after the preliminary examination.[3] Moultrie asserted he was prejudiced by the delay because

---

*...continued*

the court. *See* NRS 173.035(2). The State is thus put in an untenable position because it cannot comply with the time requirement in NRS 173.035(3) without judicial sanction, in contrast to when a defendant is held to answer. Therefore, the only deadline the State could meet would be with regard to its motion for leave to file the information by affidavit. *Cf.* NRS 34.700 (defendant may challenge the commitment to district court by filing a pretrial petition for writ of habeas corpus within 21 days of the first appearance in district court).

[3]The district court granted the motion for leave to file the information by affidavit 97 days after the preliminary examination was conducted; the information was filed 9 days after that order was signed.

 

he did not confer with counsel or pursue any defense as he did not know he could be recharged. He also claimed that the effectiveness of his defense was diminished because he did not live in Esmeralda County. The district court concluded that Moultrie's allegations of prejudice were speculative and did not warrant denial of the motion.

Although Moultrie asserted he did not confer with counsel or pursue any defense because he was unaware that he could be recharged, Moultrie failed to allege how this lack of preparation prejudiced his defense, or alternatively, how conferring with counsel or establishing a defense during the delay would have benefited his defense. Thus, we conclude the district court did not abuse its discretion by finding that Moultrie failed to demonstrate actual prejudice resulting from the delay and rejecting Moultrie's request to deny the motion based on the delay. *See id.* (concluding no actual prejudice was demonstrated where defendant alleged delay rendered potential witnesses unavailable but did not allege how the testimony of the absent witnesses would have benefited his defense). Moreover, the fact that Moultrie did not live in Esmeralda County during the delay does not demonstrate actual prejudice to Moultrie's defense.[4] *See id.*

---

[4]To the extent Moultrie asserts that the district court erred by not addressing the State's failure to assert good cause for the delay in filing the motion to file an information by affidavit, Moultrie fails to support the claim with relevant authority and cogent argument; therefore, we decline to address this claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Nevertheless, parties should move diligently to resolve criminal proceedings. See NRS 169.035 (providing criminal procedure statutes "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay").

6

*Egregious error*

Moultrie asserts that the district court erred by allowing the State to file an information by affidavit based on a finding that the justice court committed egregious error.

We review a district court's determination of egregious error de novo. *See Martin v. Sheriff, Clark Cnty.*, 88 Nev. 303, 306, 496 P.2d 754, 755 (1972) (applying de novo review to determine whether the magistrate committed egregious error). An information by affidavit may be filed to correct a magistrate's egregious error but not to correct deficiencies in evidence at the preliminary examination. *State v. Sixth Judicial Dist. Court*, 114 Nev. 739, 741-42, 964 P.2d 48, 49 (1998). Although the Nevada Supreme Court has applied egregious error in discussing the propriety of filing an information by affidavit on numerous occasions, it has not defined the term. We take this opportunity to review its usage and to clarify what constitutes egregious error.

The Nevada Supreme Court first addressed the purpose of NRS 173.035(2) when it held that the statute "provides a safety valve against an arbitrary or mistaken decision of the magistrate." *Maes v. Sheriff, Clark Cnty.*, 86 Nev. 317, 319, 468 P.2d 332, 333 (1970), *holding limited in part on other grounds by Sheriff, Washoe Cnty. v. Marcus*, 116 Nev. 188, 995 P.2d 1016 (2000). In *Maes*, however, the court did not analyze the safeguard provision because no preliminary examination occurred. In *Martin*, the court held, because there was sufficient evidence to support the rape charge, the magistrate clearly erred by dismissing the charge, and the district attorney's only course of action was to refile the rape charge under NRS 173.035(2) and NRS 178.562(2). 88 Nev. at 306, 496 P.2d at 755.

In *Cranford v. Smart*, the Nevada Supreme Court first used the term "egregious error" in describing the safeguard provided by NRS 173.035(2) but did not define the term. 92 Nev. 89, 91, 545 P.2d 1162, 1163 (1976) ("[NRS 173.035(2)] contemplates a safeguard against egregious error by a magistrate in determining probable cause, not a device to be used by a prosecutor to satisfy deficiencies in evidence at a preliminary examination, through affidavit."). In *Feole v. State*, the court relied on its usage of "egregious error" in *Cranford* to conclude a justice court did not commit egregious error when it discharged a defendant based on insufficient evidence to support a finding of probable cause to support the charges. 113 Nev. 628, 631, 939 P.2d 1061, 1063 (1997), *overruled on other grounds by State v. Sixth Judicial Dist. Court*, 114 Nev. 739, 964 P.2d 48 (1998); *see also Murphy v. State*, 110 Nev. 194, 198, 871 P.2d 916, 918 (1994) (relying on the use of "egregious error" from *Cranford* to determine a justice court did not commit egregious error when it discharged a criminal defendant and the State had "utterly failed to produce evidence to show probable cause existed"), *overruled on other grounds by State v. Sixth Judicial Dist. Court*, 114 Nev. 739, 964 P.2d 48 (1998).

The Nevada Supreme Court has thus applied the term "egregious error" in *Cranford* and its progeny when a charge was erroneously dismissed or a defendant was erroneously discharged based on a magistrate's error. Further, the error described in those cases is plain error, although that label is not used. *See Patterson v. State*, 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995) ("An error is plain if the error is so unmistakable that it reveals itself by a casual inspection of the record." (internal quotation omitted)). Thus, we conclude a magistrate's error is

COURT OF APPEALS
OF
NEVADA

(O) 1947B

"egregious error" when the magistrate commits plain error that affects the outcome of the proceedings. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (stating that a court conducts plain error review by determining "whether there was 'error,' whether the error was 'plain' or clear, and whether the error affected the defendant's substantial rights" (citing *United States v. Olano*, 507 U.S. 725, 734 (1993) (clarifying that an error affects a party's substantial rights if it "affected the outcome of the district court proceedings"))).

### Hearsay objection and exclusion of evidence

During the preliminary examination, Moultrie objected to Kirkland's testimony regarding the driver's consent to search as hearsay. Moultrie also objected to any evidence that followed the consent as fruit of the poisonous tree. The justice court sustained both objections and did not consider the evidence produced as a result of the search.

Moultrie contends that, although the driver of the vehicle may have consented to the car search, he, as the owner of the backpack, never consented to a search of the backpack. Moultrie claims that a search of the backpack required third-party consent because Kirkland allegedly knew it was Moultrie's backpack. The State does not address Moultrie's claim regarding the validity of the search. Rather, the State responds that the hearsay ruling was egregious error, thereby allowing the filing of an information by affidavit.[5] We address this issue to the extent Moultrie is

---

[5]Moultrie urges this court to treat the State's failure to respond to this issue as a confession of error. The issue raised by Moultrie challenges the validity of the search. We note, however, that Moultrie never filed a motion to suppress evidence and no court has ruled on the legality of the search. Although we could treat the State's failure to respond as a confession of error, *see* NRAP 31(d)(2); *Polk v. State*, 126 Nev. 180, 184,

*continued on next page...*

COURT OF APPEALS
OF
NEVADA

(O) 1947B

challenging the district court's determination that the justice court committed egregious error in sustaining the hearsay objection.

The justice court sustained Moultrie's hearsay objection to Kirkland's testimony that the driver provided oral consent for a search of the car. Although Moultrie had not filed a motion to suppress evidence based on the legality of the search, he then objected to any testimony about evidence seized during the search as fruit of the poisonous tree. The justice court did not rule on the legality of the search but ultimately excluded the testimony describing the evidence seized during the search.

In its motion for leave to file an information by affidavit, the State contended the justice court committed egregious error by not finding probable cause to support the drug possession charge. Specifically, the State claimed the justice court's incorrect hearsay ruling precluded the court from considering the evidence properly before it. Moultrie maintained that egregious error did not occur when the justice court sustained the hearsay objection.

The district court determined that the justice court erred by sustaining the hearsay objection. The district court further determined that, although an evidentiary ruling normally would not be significant enough to rise to the level of plain error, in this case, the error substantially affected the State's rights because the error prevented the

---

...*continued*
233 P.3d 357, 359-60 (2010); *Bates v. Chronister*, 100 Nev. 675, 682, 691 P.2d 865, 870 (1984), where, as here, the issue was not raised below and was therefore not properly preserved for appeal and does not affect the outcome of this appeal, we decline to do so, *see Diaz v. State*, 118 Nev. 451, 453 n.2, 50 P.3d 166, 167 n.2 (2002) (stating that this court need not consider new issues on appeal).

justice court from considering admissible evidence when making the probable cause determination. When the district court reviewed the evidence excluded by the justice court, it concluded there was sufficient evidence to support Moultrie being held to answer.

The justice court's decision to exclude all evidence obtained from the search of the backpack as fruit of the poisonous tree was error. Generally, a motion to suppress evidence must be filed to exclude evidence on constitutional grounds.[6] *See* NRS 174.125; NRS 179.085. Neither an oral or written motion to suppress was presented nor was a hearing held as required by NRS 174.125.

Further, the justice court erred by finding Kirkland's testimony that the driver consented to a search of the car was hearsay. Kirkland's testimony was not hearsay because it did not go to the truth of the matter asserted. *See* NRS 51.035. Rather, the State offered it to establish why Kirkland proceeded with the search of the car. *See People v. Nelson*, 212 Cal. Rptr. 799, 803 (Ct. App. 1985) (holding that oral words of consent are not offered to prove the truth of the matter, rather they are relevant as words of authorization; they are therefore nonhearsay); *see also Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990) (holding that a statement is not hearsay when it is offered to show the effect on the listener and not for the truth of the matter).

---

[6]This court is not holding that a motion to suppress evidence must be filed in justice court before a constitutional objection may be raised during a preliminary examination. Rather, only that no such motion was filed in justice or district court; therefore, without a motion or suppression hearing, the alleged illegal search and seizure cannot be a basis to reverse the judgment of the district court.

Because the justice court's error regarding the hearsay ruling was plain from a casual inspection of the record, and resulted in Moultrie's discharge, we conclude the district court did not err by finding that the justice court committed egregious error.

*Motion to amend the complaint*

Moultrie also contends the district court erred in finding the justice court committed egregious error by denying the State's motion to amend the complaint. We disagree.

"The justice court's role at the preliminary hearing is to determine whether there is probable cause to find that an offense has been committed and that the defendant has committed it." *State v. Justice Court of Las Vegas Twp.*, 112 Nev. 803, 806, 919 P.2d 401, 402 (1996). An "accused may be held to answer for a public offense other than that charged in the complaint." *Singleton v. Sheriff, Clark Cnty.*, 86 Nev. 590, 593, 471 P.2d 247, 249 (1970) (internal quotation omitted).[7] A justice court may permit the State to amend the complaint to conform to the evidence presented. *See generally Viray v. State*, 121 Nev. 159, 163, 111 P.3d 1079, 1082 (2005) (concluding that the district court did not abuse its discretion by allowing the State to amend the information to conform to the victim's testimony); *Grant v. State*, 117 Nev. 427, 433-34, 24 P.3d 761, 765 (2001) (holding that the district court did not err by amending a grand larceny charge from a category B to a category C offense to conform to the evidence presented, where the State raised the alternative of amending the criminal information, and the defendant was not prejudiced because

---

[7]"10785 N.C.L. 1929 and NRS 171.206 are found to be comparable." *Singleton*, 86 Nev. at 593 n.5, 471 P.2d at 249 n.5.

COURT OF APPEALS
OF
NEVADA

(O) 1947B

he had sufficient notice of the lesser charge); *see also* NRS 178.610 (providing that a court may proceed in any lawful manner when procedure is not specifically prescribed).

In its rebuttal closing argument during the preliminary examination, the State moved to amend the complaint to charge Moultrie with a violation of NRS 453.337(2)(a), a category D felony, and not NRS 453.337(2)(b), a category C felony. The State never alleged a prior conviction in the complaint, nor tried to prove a prior conviction during the hearing. The error in the complaint referring to a category C felony (a second offense) compared to a category D felony (a first offense) was immaterial in the preliminary examination. *See* NRS 173.075(3) (stating that error in citation of statute is not a ground for dismissal unless error resulted in prejudice).

Even if the complaint had alleged a prior offense, the State requested the prior conviction allegation be *removed*. The amendment to the complaint would have required Moultrie to defend the same underlying crime and because Moultrie had sufficient notice of the charge he was facing, granting the motion to amend would not have affected his substantial rights.[8]

---

[8]An omission or inaccuracy in the description of a prior offense does not preclude its use without a showing of prejudice. *Dressler v. State*, 107 Nev. 686, 689, 819 P.2d 1288, 1290 (1991). Moreover, Moultrie's reliance on *Parsons v. State*, 116 Nev. 928, 934-36, 10 P.3d 836, 839-41 (2000), to assert that the State must substantiate the existence of prior convictions at preliminary examinations is inapposite because prior convictions are not part of the probable cause determination when they are used solely for penalty enhancement purposes, and not as part of the underlying charge. Moultrie is also misguided in relying on *Hobbs v. State*, 127 Nev. 234, 241, 251 P.3d 177, 181-82 (2011), where the State presented evidence of the

*continued on next page...*

At the preliminary examination, the State presented sufficient evidence to demonstrate that Moultrie had committed first offense possession of a controlled substance with the intent to sell, a category D felony under NRS 453.337(2)(a). Thus, the justice court abused its discretion in denying the motion to amend the complaint. This error is plain from the record and resulted in Moultrie's discharge. Therefore, we conclude that the district court did not err in finding the justice court committed egregious error by denying the motion to amend the complaint and discharging Moultrie.

Because we conclude the district court did not err in finding the justice court committed egregious error, we conclude the district court did not abuse its discretion by granting the motion to file an information by affidavit pursuant to NRS 173.035(2).

## *CONCLUSION*

We conclude the district court did not abuse its discretion in finding that Moultrie failed to demonstrate actual prejudice resulting from the delay in filing the motion for leave to file an information by affidavit. We further conclude the district court did not err in finding that the

---

...*continued*

prior convictions at the preliminary examination but failed to present the evidence at sentencing. Moultrie's comparison to these cases, which involve defendants charged with crimes involving prior convictions such as DUI and domestic battery, is further misplaced because those crimes are misdemeanors and those defendants would be held to answer on felony charges only if two or more prior convictions were shown to exist. Here, the drug charge was a felony with or without an alleged prior felony conviction. The justice court's role is only to determine whether there is probable cause that the defendant committed an offense. *Parsons*, 116 Nev. at 933, 10 P.3d at 839.

justice court committed egregious error that resulted in Moultrie's discharge. Therefore, we conclude the district court did not abuse its discretion in granting the State's motion to file an information by affidavit. Accordingly, we affirm the judgment of conviction.

_____, C.J.
Gibbons

I concur:

_____, J.
Silver

(O) 1947B

TAO, J., concurring:

I agree that the majority opinion addresses the only argument that Moultrie presents in his appeal, which relates to the prejudice that he has allegedly suffered but which, unfortunately for Moultrie, the record does not support. Both Moultrie and the district court assume that a court possesses some discretion to waive the deadline to file an information by affidavit; the arguments below were framed almost entirely around the question of how that discretion should be exercised. But I am not sure that any discretion exists in view of the plain language of the statutes.[1]

By its terms, the 15-day deadline of NRS 173.035(3) applies not just to the filing of an information by affidavit; it applies to the filing of any information in district court regardless of whether the defendant (a) was held to answer the charges and bound over for trial as a result of a preliminary hearing, (b) was bound over to district court because he waived his right to a preliminary hearing, or (c) was discharged from custody after all charges were dismissed during the preliminary hearing and the State now seeks to reinstate the charges in district court by way of an information by affidavit.

In any of those scenarios, NRS 173.035(3) says rather plainly that the information "must" be filed no later than 15 days after the holding or waiver of the preliminary hearing. When a statute says "must,"

---

[1]Therefore, this concurrence can be said to be *dubitante*. *See Lloyd v. J.P. Morgan Chase & Co.*, 791 F.3d 265, 274 (2d Cir. 2015) (Sack, J., concurring *dubitante*); *United States v. Jeffries*, 692 F.3d 473, 483 (6th Cir. 2012) (Sutton, J., concurring *dubitante*); *Majors v. Abell*, 361 F.3d 349, 355 (7th Cir. 2004) (Easterbrook, J., *dubitante*); *Bierenbaum v. Graham*, 607 F.3d 36, 59 (2d Cir. 2010) (Calabresi, J., concurring *dubitante*); *see also* Jason J. Czarnezki, *The Dubitante Opinion*, 39 Akron L. Rev. 1, 2 (2006).

we are required to rigorously interpret that word as meaning that the Legislature intended to deprive courts of the discretion to refuse to do what the statute directs. *See* NRS 0.025(1)(c) (defining "must" as expressing a requirement); *see also Goudge v. State*, 128 Nev. ___, ___, 287 P.3d 301, 304 (2012) ("The use of the word 'shall' in the statute divests the district court of judicial discretion. This court has explained that, when used in a statute, the word 'shall' imposes a duty on a party to act and prohibits judicial discretion and, consequently, mandates the result set forth by the statute." (internal citations omitted)); *Pasillas v. HSBC Bank USA*, 127 Nev. 462, 467, 255 P.3d 1281, 1285 (2011) ("[T]his court has stated that 'shall' is mandatory unless the statute demands a different construction to carry out the clear intent of the legislature . . . , [a]nd as it is used here, 'must' is a synonym of 'shall.'" (internal citation and quotation omitted)); *Johanson v. Eighth Judicial Dist. Court*, 124 Nev. 245, 249-50, 182 P.3d 94, 97 (2008) ("'[S]hall' is mandatory and does not denote judicial discretion." (alteration in original) (quoting *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1303, 148 P.3d 790, 793 (2006))); *Nev. Comm'n on Ethics v. JMA/Lucchesi*, 110 Nev. 1, 9-10, 866 P.2d 297, 302 (1994) ("It is a well-settled principle of statutory construction that statutes using the word 'may' are generally directory and permissive in nature, while those that employ the term 'shall' are presumptively mandatory.").

Thus, "must" means "must," and an information of any kind, whether following a bind-over or following a discharge, cannot be filed more than 15 days following a preliminary hearing—unless the Legislature chose to give some leeway to that deadline in another statute. In the case of an information filed after a defendant has been held to

answer, there is another statute that excuses the deadline: NRS 178.556 states that when a defendant has been held to answer, the district court "may" dismiss an information that was not filed before the expiration of the 15-day deadline. The Nevada Supreme Court has interpreted this to mean that NRS 178.556 operates to give a district court some discretion to permit a late-filed information to proceed where a defendant has not suffered any prejudice arising from the delay and quite possibly also when the State cannot show "good cause" for the delay. *See Berry v. Sheriff, Clark Cnty.*, 93 Nev. 557, 558, 571 P.2d 109, 110 (1977); *Thompson v. State*, 86 Nev. 682, 683, 475 P.2d 96, 97 (1970) (discussing, but not resolving, argument that "good cause" was required to file belated information); *see also Huebner v. State*, 103 Nev. 29, 31, 731 P.2d 1330, 1332 (1987) (speedy trial portion of NRS 178.556 can only be waived upon showing of good cause); *Anderson v. State*, 86 Nev. 829, 834, 477 P.2d 595, 598 (1970) ("NRS 178.556 states that the court 'may' dismiss the information or indictment if the defendant is not brought to trial within 60 days. This rule is only mandatory if there is not good cause shown for the delay." (internal footnote omitted)); *Adams v. Sheriff, White Pine Cnty.*, 91 Nev. 575, 576, 540 P.2d 118, 119 (1975) (dismissal when State could not show "good cause" for delay between issuing of indictment and arraignment).

The district court interpreted this discretion as something that exists just as much when a defendant has been discharged as when he has been held to answer. But the statute does not say that. On its face, NRS 178.556 operates to supply this discretion only when the defendant has been held to answer the charges. *See* NRS 178.556(1) ("If no indictment is found or information filed against a person within 15 days *after the person*

*has been held to answer* for a public offense which must be prosecuted by indictment or information, the court may dismiss the complaint." (emphasis added)). NRS 178.556 says nothing about cases in which a defendant has been discharged and the State seeks to file a late information by affidavit.

Therefore, the question raised by this appeal can be characterized as whether, notwithstanding the text of NRS 173.035(3) and 178.556, a district court also possesses the same, or at least similar, discretion to waive the deadline when the State seeks to file an information by affidavit more than 15 days (in this case, 63 days) after a defendant has been discharged rather than held to answer the charges.

If we are "strict constructionists" guided only by the words of the statutes and the intention of the Legislature as expressed in those words, I would say that the answer to that question is no. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012) ("[T]he words of a governing text are of paramount concern."). Where the Legislature has expressly prohibited the exercise of judicial discretion, we do not have the power to create it ourselves except perhaps in the most compelling of circumstances. Here, NRS 173.035(3) limits judicial discretion subject to the exception of NRS 178.556, which creates some discretion, but only when the defendant has been held to answer. NRS 178.556 says nothing about defendants who have been discharged, and the inclusion of one thing within a statute is normally read as the exclusion of other normally related things (*"expressio unius est exclusio alterius"*). *See Galloway v. Truesdell*, 83 Nev. 13, 26, 422 P.2d 237, 246 (1967) ("The maxim 'expressio Unius Est Exclusio Alterius,' the expression of one thing is the exclusion of another, has been repeatedly confirmed in

this State."); *see also* Scalia & Garner, *supra*, at 170 ("a material variation in terms suggests a variation in meaning."). *See generally Sheriff, Pershing Cnty. v. Andrews*, 128 Nev. ___, ___, 286 P.3d 262, 264 (2012) (inferring that where the Legislature "clearly knows how to prohibit" an act under one statute and does not prohibit it under a second statute, the Legislature did not intend to prohibit it under the second statute). In the absence of statutory sanction, I would conclude that a district court does not possess any discretion to permit the filing of an information by affidavit more than 15 days after a defendant has been discharged, no matter how much "good cause" the State might be able to show and how little "prejudice" the defendant might be able to claim.[2]

Even if we look outside of the statutes, a close reading of existing Nevada Supreme Court precedent also suggests that the answer to the question before us must be no. In *Berry* and *Thompson*, the defendant was bound over and the court applied NRS 178.556 to excuse a late information filed more than 15 days after a defendant was held to answer the charges. *Berry*, 93 Nev. 557, 571 P.2d 109; *Thompson*, 86 Nev. 682, 472 P.2d 96. Neither of these cases involved an information by affidavit belatedly filed after a defendant was discharged. *Id.* No existing judicial precedent in Nevada that I can find contemplates or creates discretion to permit the late filing of an information by affidavit more than

---

[2]There may be an interesting question regarding whether the discretion embodied in NRS 178.556 applies when a defendant has been held to answer some charges but was discharged from others, and the State seeks to restore (in other words, add) the dismissed charges by way of information by affidavit. In that case, the defendant has been bound over as required by NRS 178.556, but the State seeks to file an information by affidavit that normally would not fall within NRS 178.556's purview. But that question is not before us in this case.

 

15 days after a defendant was discharged rather than held to answer the charges.

Consequently, I would conclude that neither the Legislature nor the Nevada Supreme Court have created any discretion for a district court to ignore or waive the deadline of NRS 173.035(3) in the filing of an information by affidavit after a defendant's discharge. Thus, when confronted by a motion seeking leave to file an information by affidavit following discharge, a district court cannot grant leave to the State when more than 15 days have elapsed since the preliminary hearing.

One might wonder why the Legislature would divide things up in this way to create judicial discretion when it comes to an information filed after bind-over, but not in the case of an information by affidavit following a discharge. But whether a statute represents sound or wise policy is for the political branches of government to decide, not the judiciary. *See In re Fontainebleau Las Vegas Holdings*, 128 Nev. ___, ___, 289 P.3d 1199, 1212 (2012) ("'When a statute is clear, unambiguous, not in conflict with other statutes and is constitutional, the judicial branch may not refuse to enforce the statute on public policy grounds. That decision is within the sole purview of the legislative branch.'" (quoting *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 578 n.4, 97 P.3d 1132, 1134 n.4 (2004))). *See generally Griswold v. Connecticut*, 381 U.S. 479, 482 (1965) ("We do not sit as a super-legislature to determine the wisdom, need, and propriety of laws that touch economic problems, business affairs, or social conditions."). When the Legislature has acted and its intention is clear and unambiguous, we must enforce the statute as written even if we think that the statute operates in an unfair way or was just a bad idea. *See Pellegrini v. State*, 117 Nev. 860, 878, 34 P.3d 519,

531 (2001) ("[E]quitable principles will not justify a court's disregard of statutory requirements." (internal footnote omitted)).

Furthermore, the distinction is not without logical basis. The filing of an information after a defendant has been bound over represents a mere ministerial act that occurs after a judicial finding that the charges were supported by probable cause and the defendant ought to stand trial for the alleged crimes. The missing of that deadline may represent little more than a technicality, and it makes sense for the district court to have some discretion to overlook technical errors supported by good cause rather than be reluctantly compelled to dismiss serious felony charges based on a clerical error that may have been utterly excusable.

But when a defendant has been discharged, a judicial officer has affirmatively found that the charges were not worth pursuing any further, either because they lacked enough evidence to even constitute probable cause or perhaps because some material, nontechnical error existed in the State's pleadings that required dismissal. When the State seeks to file an information by affidavit after a defendant has already been discharged from custody, it effectively seeks to have one judicial officer overrule another and reinstate charges that have already been dismissed. On its merits the State's request might be warranted; after all, overworked judges do sometimes commit "egregious error" and charges might be erroneously dismissed when they should not have been. But it would not be utterly illogical for the Legislature to have decided that there ought to be a very tight, nondiscretionary deadline for the State to make this request and thereby force the defendant to again face charges that

 

were already dismissed.[3] At the very least, the Legislature would have been well within its constitutional powers in making that decision and purposefully depriving us of the discretion to second-guess it.[4]

Accordingly, I interpret NRS 173.035(3) as creating an absolute statutory bar to the filing of an information by affidavit more than 15 days after a defendant has been discharged from custody after a

---

[3]If we read the statutes otherwise, a logical flaw would exist. As a practical matter, the State possesses the right to file an information in district court without judicial intervention whenever a defendant has been held to answer. If filed late, the court may entertain a subsequent motion seeking dismissal for untimeliness under NRS 178.556, which the court has the discretion to grant or deny based upon the presence or absence of good cause and prejudice. But the State has no right to file an information by affidavit following discharge without judicial intervention; it cannot be filed without first obtaining leave of court. NRS 173.035(2). Because the district court would already have considered the timeliness of the State's filing when it considered the request for leave, there would have been no logical need for the Legislature to also create a separate ground for dismissal based on timeliness within NRS 178.556 for a late-filed information by affidavit; doing so would strangely require the district court to consider the same question of timeliness in two different motions.

[4]One could perhaps argue that, practically speaking, the State could easily tiptoe around the deadline and re-charge the defendant any time it wants, even months or years later, by simply submitting the same charges to a grand jury (at least in counties where one sits regularly). But having a grand jury reconsider charges and overrule a prior judge's finding of probable cause is, constitutionally speaking, an entirely different animal than having a later judge overrule a prior one through the submission of affidavits. In any event, the Legislature is entitled to be as arbitrary as it wants, and it is not required to draft statutes that are perfectly consistent and close every imaginable loophole.

preliminary hearing, without any inquiry into the presence or absence of either "good cause" or prejudice.

_____, J.
Tao

COURT OF APPEALS
OF
NEVADA

(O) 1947B