ROBERT NEAL JONES, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 11687

February 28, 1980                                    607 P.2d 116

*Morgan D. Harris,* Public Defender, *Gary H. Lieberman,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Robert Neal Jones appeals from the district court's order denying his motion for credit for the time he spent in custody pursuant to a judgment of conviction for another crime. He contends that preindictment delay violated his due process rights because he was deprived of the possibility of serving two years of his sentence concurrently with his sentence in a prior conviction. We affirm.

On June 19, 1975, appellant committed an armed robbery in Clark County. A few days later, he committed a robbery in Washoe County, for which he was arrested, convicted, and sentenced to eight years in prison. During his confinement in Washoe County, appellant confessed to the Clark County crime.

Appellant was transferred to Colorado in September, 1975, to face charges pending there. He did not return to Nevada until mid-1977. An indictment for the Clark County robbery had been returned on March 18, 1977. Appellant entered a guilty plea on August 11, 1977. On October 14, 1977, he was adjudged to be guilty and sentenced to 12 years in prison for robbery and to a consecutive 12-year term for use of a deadly weapon, the sentence to be served concurrently with the Washoe County sentence. No credit was given for the time he spent in custody pursuant to the Washoe County conviction.

Appellant argues that he should be given credit for time served after his transfer to Colorado in order to remedy the prejudice caused by undue preindictment delay. The relevant statute of limitations provides a safeguard against possible prejudice resulting from preindictment delay. *See* United States v. Marion, 404 U.S. 307 (1971); DuFrane v. Sheriff, 88 Nev. 52, 495 P.2d 611 (1972). In this case, an indictment was

returned within the four-year statute of limitations for robbery. NRS 171.085.[1]

The due process clause may also provide a basis for dismissing charges in the event of unreasonable preindictment delay. 404 U.S. at 325. However, the accused must show that the delay prejudiced his right to a fair trial and that the government delayed to gain a tactical advantage. *Id.;* United States v. Lovasco, 431 U.S. 783 (1977); United States v. Elsbery, 602 F.2d 1054 (2nd Cir. 1979).

In this case, appellant pleaded guilty to the charge and there is nothing in the record which suggests that the state deliberately delayed filing charges in order to gain a tactical advantage. The loss of the possibility of an additional two years of concurrent time is not sufficient prejudice to establish a denial of due process. *Cf.* State v. Sterling, 596 P.2d 1082 (Wash.App. 1979) (lost "possibility" of concurrent sentence because of two-year delay between arrest and sentencing not sufficient prejudice to establish denial of right to speedy trial).

Appellant has failed to make any showing of actual and substantial prejudice, and of improper motive on the part of the state, to establish a denial of due process. Therefore, the order denying post-conviction relief is affirmed.[2]

---

[1]NRS 171.085. Limitations for other felonies:  3 years, 4 years.

1. An indictment for . . . robbery . . . must be found, or an information or complaint filed, within 4 years after the commission of the offense.

[2]In light of our holding, we need not address the propriety of the remedy sought. We note that NRS 176.055 does not allow credit for time spent in custody when "such confinement was pursuant to a judgment of conviction for another offense". McMichael v. State, 94 Nev. 184, 194, 577 P.2d 398, 404 (1978); Dearing v. State, 90 Nev. 297, 525 P.2d 601 (1974). Furthermore, dismissal of the indictment, not credit for time served, may be the only remedy for a denial of due process. *Cf.* Strunk v. United States, 412 U.S. 434 (1973) (dismissal is only remedy for violation of right to speedy trial).