THE STATE OF NEVADA, Appellant, v. MICHAEL AUTRY aka STEVE WEST aka BILL WINSLOW, Respondent.

No. 18414

December 10, 1987                746 P.2d 637

*Brian McKay,* Attorney General, Carson City; *Gregory J. Barlow,* Deputy Attorney General, Las Vegas, for Appellant.

*Michael D. Davidson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent filed a pretrial petition for a writ of habeas corpus

in the district court seeking dismissal of the charges against him. Respondent asserted that the state's delay in filing the criminal complaint would deprive him of his constitutional right to a fair trial under the Fifth Amendment. The district court granted respondent's petition. For the reasons set forth below, we conclude that the district court erred in issuing the writ of habeas corpus. Therefore, we reverse and remand this case for further proceedings.

## THE FACTS

On January 30, 1987, the state filed a criminal complaint charging respondent and three other individuals with conspiring to present false claims for insurance benefits, filing false claims for insurance benefits, and obtaining money by false pretenses, all felonies pursuant to NRS 686A.291(2), NRS 686A.291(1), and NRS 205.380. A warrant for respondent's arrest was issued the same day. The complaint, insofar as it related to respondent, Michael Autry, charged that Autry committed the above-noted felonies on separate occasions on or about January 30, 1984, and August 29, 1984.

Respondent subsequently was located and arrested in Dallas, Texas. He waived extradition, and a preliminary hearing was held before the justice's court on May 28, 1987. At the conclusion of the hearing, respondent moved to˜ dismiss the complaint. Respondent noted that the state delayed in filing the complaint and in seeking an arrest warrant until the last day before the expiration of the statute of limitations for the criminal acts which allegedly occurred on January 30, 1984.[1] *See* NRS 171.085(2) (an information or a complaint charging the above-noted felonies must be filed within three years after the commission of the offenses). Further, respondent asserted that the state's delay in filing the criminal complaint had prejudiced his ability to defend against the charges because "memories have slipped" and because after three years he had no knowledge of the whereabouts of "some of the individuals named in this case." Accordingly, respondent argued that the complaint should be dismissed because the state's pre-arrest delay had violated his right to due process of law under the Fifth Amendment. *See* United States v. Lovasco, 431 U.S. 783 (1977); United States v. Marion, 404 U.S. 307 (1971).

In response to an inquiry from the justice of the peace regarding why the state had waited until the eve of the expiration of the statute of limitations to file the complaint, Deputy Attorney

---

[1] The state's complaint was filed approximately seven months *before* the expiration of the statute of limitations for the criminal acts that respondent allegedly committed on August 29, 1984.

General Barlow replied: "Your Honor, I would have to speak for [my] predecessors in the office. In my position I can't know but am given to understand they were still trying to put it all together in a very complicated case."

After expressing some concern over respondent's delay in filing the complaint, the justice of the peace denied respondent's motion to dismiss the complaint. The justice of the peace reasoned that respondent had failed to present an affidavit or other evidence demonstrating actual prejudice to his right to a fair trial resulting from the delay. Further, the justice of the peace concluded that the state had presented sufficient evidence to establish probable cause to bind respondent over for trial in the district court on one count of conspiracy to present a false claim for insurance benefits, two counts of filing false insurance claims, and one count of obtaining money by false pretenses.

On June 29, 1987, respondent filed a pretrial petition for a writ of habeas corpus in the district court. Respondent again argued that the information should be dismissed because of unjustified and prejudicial pre-arrest delay. Respondent asserted that the testimony of eye witnesses at the preliminary hearing of May 28, 1987, demonstrated that the investigation concerning respondent was "completed long before the complaint was filed and the [arrest] warrant was activated." Specifically, respondent cited the testimony of a claims adjuster for Farmers Insurance Group, who stated that "approximately three years ago" she identified respondent's picture in a photo lineup shown to her by someone from the attorney general's office. The witness indicated that she identified respondent at that time as the individual who had come to her office and filed one of the insurance claims which was the subject of the criminal complaint. Similarly, another former claims adjuster testified at the preliminary hearing that he had identified respondent from a photo lineup "about a year and a half ago" as the individual who had filed the other false insurance claim.

The state filed a response and opposition to respondent's petition on July 10, 1987. On July 15, 1987, respondent supplemented the petition with his affidavit, indicating, *inter alia,* that the passage of time since the alleged criminal acts occurred would render it "nearly impossible . . . to establish an alibi for my whereabouts on the dates in question. . . ." Respondent also asserted that any investigation by his attorney had been hindered because the "whereabouts of some of the defendants in this case are unknown. . . ."

The district court conducted hearings on the petition on July 15 and July 22, 1987. On July 31, 1987, the district court granted the petition and dismissed all the charges against respondent. This appeal followed.

## DISCUSSION

In its order granting respondent's petition, the district court found that respondent had "demonstrated actual, material and substantial prejudice by reason of the lengthy delay in the filing of charges." Our review of the record reveals, however, that substantial evidence does not support the district court's finding in this regard. In particular, we observe that in his affidavit, respondent asserted that the whereabouts of some of his co-defendants were unknown and therefore his counsel's investigation of the case had been "hindered" by the passage of time. Respondent, however, failed to demonstrate *specifically* how the unavailability of any defendant or potential witness had prejudiced his defense, or how the testimony of the absent witnesses or defendants would have benefited his defense. As the court stated in United States v. Mays, 549 F.2d 670, 677 n. 12 (9th Cir. 1977):

> [U]nless the defendant can make some showing as to what the testimony [of an unavailable witness] would have been, or specifically how the witness could have exonerated him, there is no way of knowing whether the defendant is merely speculating as to the contribution of the witness to his defense or perhaps even attempting to take advantage of the witness's unavailability to make a Due Process claim when it is in reality unfounded.

*See also* Sheriff v. Berman, 99 Nev. 102, 108, 659 P.2d 298, 301 (1983) (general claims of prejudice unsupported by offers of proof concerning testimony lost as a result of delay are insufficient to establish the requisite prejudice).

Additionally, respondent's assertions that, due to the delay, he could not recall what happened on the dates in question, and that it would be "nearly impossible" for him to establish an alibi, are speculative and premature, and do not constitute, at this juncture, a sufficient showing of actual prejudice. *See* United States v. Golden, 436 F.2d 941 (8th Cir.) (mere claim of general inability to reconstruct events of the period in question is insufficient to establish the requisite prejudice), *cert. denied,* 404 U.S. 910 (1977). As the Supreme Court observed in *United States v. Marion, supra,* although the possibilities that memories will dim, witnesses will become inaccessible, and evidence will be lost are inherent in any delay, "[i]n light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment. *Events of*

*the trial may demonstrate actual prejudice, but at the present time appellees' due process claims are speculative and premature.* " United States v. Marion, 404 U.S. at 326 (emphasis added). Similarly, in the instant case, we conclude that while events at trial may in fact reveal actual and specific prejudice resulting from the state's delay, the present state of the record reveals that respondent's claims of prejudice are speculative and premature at best.

Even assuming, however, that the district court properly found that respondent had shown substantial prejudice, such a finding is not in itself sufficient to warrant a conclusion that respondent's due process rights were violated and that the information should be dismissed. For example, in *United States v. Marion* the Court observed that the " 'applicable statute of limitations . . . is . . . the *primary* guarantee against bringing overly stale criminal charges.' " *Id.* at 322, quoting United States v. Ewell, 383 U.S. 116, 122 (1966) (emphasis added). The Court further concluded, however, that the statute of limitations does not fully define one's rights and that

> the Due Process Clause of the Fifth Amendment would require dismissal of the indictment *if it were shown at trial that the preindictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.*

United States v. Marion, 404 U.S. at 324 (emphasis added); *see also* Jones v. State, 96 Nev. 240, 607 P.2d 116 (1980) (to provide basis for dismissal an accused must show that the preindictment delay prejudiced his right to a fair trial and that the government delayed to gain a tactical advantage). Additionally, in United States v. Lovasco, 431 U.S. 783, 790 (1977), the Court again emphasized that the *Marion* case "makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused."

In the instant case, the district court specifically found that the state's delay in the filing of the criminal complaint was occasioned "solely by reason of negligence." Our review of the record reveals, however, that the only evidence presented below in explanation of the delay, aside from the fact of the delay itself, was Deputy Attorney General Barlow's statement during the preliminary hearing. As noted, Mr. Barlow indicated that although he did not have personal knowledge of the reasons for the delay, he had been "given to understand" that his predeces-

sors in the office "were still trying to put it all together in a very complicated case." Although this explanation is less than complete, and no further evidence concerning the reason for the delay appears in the record, we must assume that Mr. Barlow's representations were made in good faith. *See* United States v. Lovasco, 431 U.S. at 796 (1977). Based on our review of the record, we are simply unable to conclude that this evidence or any other evidence in the record supports the district court's finding that the state's delay was occasioned by negligence. To the contrary, taking Mr. Barlow's representations at face value, the evidence indicates that the delay resulted not from negligence but rather from the complexities of the case and the ongoing efforts of the state to "put together" a meritorious case.[2] Accordingly, we conclude that substantial evidence does not support the district court's finding in this regard.

Moreover, as the Supreme Court has observed:

> [I]nvestigative delay is fundamentally unlike delay undertaken by the Government solely "to gain tactical advantage over the accused," [citation omitted] precisely because investigative delay is not so one-sided. [Footnote omitted.] Rather than deviating from elementary standards of "fair play and decency," a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt.

United States v. Lovasco, 431 U.S. at 795. In the instant case, the record does not support respondent's assertions below that the investigation of this matter was completed long before the state sought an arrest warrant. The mere fact that eyewitnesses had identified respondent from a photographic lineup does not mean that the state had a sufficient quantum of evidence to support a criminal conviction or that the state had completed its investigation against the other suspects and alleged co-conspirators. "Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction." Hoffa v. United States, 385 U.S. 293, 310 (1966). Under these circumstances, where no substantial evidence supports the finding that the delay in filing the complaint

---

[2]In this regard, we note that the criminal complaint implicated four individuals in two separate incidents, respondent allegedly used aliases in carrying out the crimes, and that the two victims of the crimes resided outside Nevada in Colorado. Thus, Deputy Barlow's assertions concerning the complexity of the case and the investigative delay appear reasonable.

was occasioned solely by reason of the state's negligence, we conclude that the district court erred in issuing the writ of habeas corpus.

In light of our conclusion in this regard, it is unnecessary to reach the issue of whether governmental negligence, without more, is sufficient to support a due process claim based on pre-arrest delay. Nonetheless, because the question may arise again during the course of the trial below, we note, for the future guidance of the trial court, that the cases in this area strongly suggest that some showing must be made that the delay entailed intentional or reckless disregard by the state of appreciable risks of impairment to an accused's defense. *See* United States v. Lovasco, 431 U.S. at 795 n. 17 (governmental delay in reckless disregard of circumstances, known to prosecution, suggesting an appreciable risk that accused's defense would be impaired may amount to deprivation of due process of law); United States v. Marion, 404 U.S. 307 (1971) (actual prejudice and a delay to gain a tactical advantage would result in violation of due process clause); Jones v. State, 96 Nev. 240, 607 P.2d 116 (1980) (this court, relying on *Marion,* concluded that an accused must show that government delayed to gain a tactical advantage); *see also* Sheriff v. Berman, 99 Nev. 102, 659 P.2d 298 (1983) (district court's order dismissing complaint reversed where no evidence existed in the record to indicate that the state sought intentionally to hamper the defense through delay); Bailey v. State, 94 Nev. 323, 579 P.2d 1247 (1978) (defendant was not deprived of his right to a speedy trial where there was no prejudice and no evidence that the delay was intentional).

In light of the above, we conclude that the district court erred in issuing the writ of habeas corpus. Accordingly, we reverse and remand this case for further proceedings.[3]

---

[3]In light of the above, we deny as moot appellant's motion regarding the record on appeal.