129 Nev., Advance Opinion 22

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LEOPOLDO GONZALEZ,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>MICHELLE LEAVITT, DISTRICT<br>JUDGE,<br>Respondents,<br>  and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 62361<br><br>**FILED**<br><br>APR 04 2013 |

Original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to dismiss a criminal information.

Petition for writ of mandamus granted.

Legal Defense Group and Michael V. Castillo and Michael L. Becker, Las Vegas,
for Petitioner.

Catherine Cortez Masto, Attorney General, Carson City; Steven Wolfson, District Attorney, and Jonathan E. VanBoskerck, Chief Deputy District Attorney, Clark County,
for Real Party in Interest.

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

13-09839

<u>OPINION</u>

PER CURIAM:

At issue in this petition for extraordinary writ relief is the proper analysis of a Double Jeopardy Clause claim when it is based upon the doctrine of collateral estoppel. We conclude that <u>Ashe v. Swenson</u>, 397 U.S. 436, 444 (1970), sets forth the proper analysis for determining whether an issue of ultimate fact has been decided and cannot be relitigated in a subsequent trial: The district court must examine the record of the first trial and determine whether a rational jury could have grounded its verdict on some other issue of fact. And, in conducting this analysis, the district court may not consider the jury's inability to reach a verdict on the other counts. Because the district court improperly analyzed the petitioner's double jeopardy claim, we grant the petition for a writ of mandamus.

<u>FACTS AND PROCEDURAL HISTORY</u>

Petitioner Leopoldo Gonzalez was charged with sexual assault of a minor under the age of 14 and lewdness with a child under the age of 14. During the trial that followed, the jury acquitted Gonzalez of the lewdness count and deadlocked on the sexual assault count. The district court declared a mistrial on the sexual assault count and set a date for a new trial. Gonzalez subsequently moved to dismiss the information, arguing in relevant part that the Double Jeopardy Clause and collateral estoppel rule prohibit a second trial for sexual assault because he was acquitted of lewdness and both offenses were based upon the same event.[1]

---

[1]The information alleged that Gonzalez committed sexual assault by "placing his mouth and/or tongue on or in the [victim's] genital opening," and he committed lewdness "by licking the [victim's] genital area." It is

*continued on next page...*

 

The State opposed the motion, asserting that lewdness and sexual assault are not the same offense for double jeopardy purposes and the collateral estoppel rule was not implicated because the jury did not necessarily determine an issue of ultimate fact as to the sexual assault count when it acquitted Gonzalez on the count of lewdness with a child. The district court heard argument and denied the motion based on the jury's inability to reach a verdict on the sexual assault count. This original petition for a writ of mandamus or prohibition followed.

## DISCUSSION

Gonzalez argues that he is entitled to relief from the district court order denying his motion to dismiss the information because the district court failed to apply the analysis required by Ashe v. Swenson, 397 U.S. 436 (1970), when determining whether the jury's verdict on the lewdness count estopped the State from relitigating the issue of sexual touching in the sexual assault count.

We have original jurisdiction to issue writs of mandamus and prohibition. Nev. Const. art. 6, § 4. A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control a manifest abuse of discretion. State v. Dist. Ct. (Armstrong), 127 Nev. ___, ___, 267 P.3d 777, 779 (2011). The writ will not issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170. And, because a writ of mandamus is an extraordinary remedy, the decision to entertain a petition

---

...*continued*
clear from the record that both offenses were based on the same act of sexual touching.

for the writ lies within our discretion. <u>Hickey v. District Court</u>, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989). In deciding whether to exercise that discretion, we may consider, among other things, whether the petition raises an important issue of law that needs clarification. <u>Armstrong</u>, 127 Nev. ___, 267 P.3d at 779-80.

Here, Gonzalez asserts that the district court failed to apply the controlling legal authority. If true, this is a classic example of a manifest abuse of discretion that may be controlled through a writ of mandamus. <u>See</u> <u>id.</u> at ___, 267 P.3d at 780 (explaining that "[a] manifest abuse of discretion is a clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule" (internal quotation marks and brackets omitted)). Although Gonzalez has another remedy because he could raise the double-jeopardy issue on appeal from a judgment of conviction, NRS 177.015; NRS 177.045, that remedy is not adequate to protect the right afforded by the Double Jeopardy Clause—to not be placed twice in jeopardy. And the petition raises an important issue of law that needs clarification. Accordingly, we exercise our discretion to consider the merits of the petition.

"[C]ollateral estoppel in criminal trials is an integral part of the protection against double jeopardy guaranteed by the Fifth and Fourteenth Amendments." <u>Harris v. Washington</u>, 404 U.S. 55, 56 (1971); <u>see</u> <u>Ashe</u>, 397 U.S. at 445-46. "'[W]hen an issue of ultimate fact has once been determined by a valid and final judgment' of acquittal, it 'cannot again be litigated' in a second trial for a separate offense." <u>Yeager v. United States</u>, 557 U.S. 110, 119 (2009) (quoting <u>Ashe</u>, 397 U.S. at 443). An "ultimate fact" is "[a] fact essential to the claim or the defense." <u>Black's Law Dictionary</u> 671 (9th ed. 2009). The defendant has the burden

to demonstrate that the issue of fact that he seeks to foreclose from consideration was actually decided by the jury in the first trial. Dowling v. United States, 493 U.S. 342, 350 (1990).

To determine whether an issue of ultimate fact was decided by the jury during the first trial, the court must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Ashe, 397 U.S. at 444 (internal quotation marks omitted); see also Yeager, 557 U.S. at 119-20 (same); Dowling, 493 U.S. at 350 (same). The court may not consider a jury's inability to reach a verdict on some of the counts; "[b]ecause a jury speaks only through its verdict," its inability to reach a verdict is a "nonevent," and "consideration of [the] hung counts has no place in the issue-preclusion analysis."[2] Yeager, 557 U.S. at 120-22.

The district court order denying Gonzalez's motion to dismiss the information does not contain any findings of fact or conclusions of law. However, it is clear from the transcript of the hearing on the motion that the district court erroneously based its analysis of the collateral estoppel claim on the jury's inability to reach a verdict on the sexual assault count. Because the district court's decision to deny Gonzalez's motion was clearly based on an incorrect interpretation or application of controlling legal

---

[2]The Supreme Court now generally uses the term "issue preclusion" instead of "collateral estoppel." See Taylor v. Sturgell, 553 U.S. 880, 892 n.5 (2008).

authority, we conclude that extraordinary relief in the form of a writ of mandamus is appropriate. See Armstrong, 127 Nev. ___, 267 P.3d at 780.[3]

## CONCLUSION

We grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying petitioner's motion to dismiss and reconsider the motion based on the controlling legal authority as set forth in this opinion.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

---

[3]We have stated that a writ of prohibition will be issued to preclude a retrial that would violate the Double Jeopardy Clause. Glover v. Dist. Ct., 125 Nev. 691, 701, 220 P.3d 684, 692 (2009). Here, however, we cannot determine on the record before us whether retrial is precluded. The issue is better resolved in the first instance by the district court, applying the controlling legal authority. For this reason, we deny Gonzalez's alternative request for a writ of prohibition.