# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH DELA VEGA,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF NYE;
AND THE HONORABLE ROBERT W.
LANE, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 77702

FILED

MAY 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
      DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court order granting a motion to file an information by affidavit in a criminal matter.

A writ of mandamus is available to compel the performance of an act that the law requires, or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Gonzalez v. Eighth Judicial Dist. Court*, 129 Nev. 215, 217, 298 P.3d 448, 449 (2013). A writ of prohibition is available "to restrain a district judge from exercising a judicial function without or in excess of its jurisdiction." NRS 34.320; *State v. Justice Court*, 112 Nev. 803, 806, 919 P.2d 401, 403 (1996). As both writs are extraordinary remedies, we have complete discretion in deciding whether to entertain this petition. *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-23681

We have considered this petition and determined that our intervention by way of extraordinary relief is warranted. In particular, we conclude that the district court erred by granting the State's motion to file an information by affidavit, as it is barred by the three-year statute of limitations prescribed for charges of possession of child pornography. *See* NRS 200.730 (outlining the elements and punishment for possession of visual presentation depicting sexual conduct of a person under 16 years of age); *see also* NRS 171.085(3) (providing the relevant statute of limitations). As we have recently clarified, an information by affidavit filed after the justice court has dismissed the criminal complaint constitutes a new case. *Warren v. Eighth Judicial Dist. Court*, 134 Nev., Adv. Op. 77, 427 P.3d 1033, 1036 (2018). And as with any other case, the information needed to be filed before the statute of limitations expired. *See State v. Autry*, 103 Nev. 552, 556, 746 P.2d 637, 640 (1987) (noting that the applicable statute of limitations is "the *primary* guarantee against bringing overly stale criminal charges" (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971) (internal quotation marks omitted))). Indeed, we have previously held that an information filed past the statute of limitations period is barred. *See Murphy v. State*, 110 Nev. 194, 198-200, 871 P.2d 916, 918-19 (1994), *overruled on other grounds by State v. Sixth Judicial Dist. Court (Warren)*, 114 Nev. 739, 964 P.2d 48 (1998).

In this case, the State filed its motion to file an information by affidavit after the relevant statute of limitations period expired. Given our holding in *Warren*, and because the State filed its information by affidavit over three years after the alleged crimes occurred, we hold that the statute of limitations bars prosecution in this matter. Writ relief is therefore

warranted to correct the district court's error in granting the State's motion. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to deny the State's motion to file an information by affidavit.[1]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Robert W. Lane, District Judge
Evenson Law Office
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk

---

[1]Given this decision, we need not address petitioner's remaining arguments.