# IN THE SUPREME COURT OF THE STATE OF NEVADA

DIEGO ARMANDO SALAZAR,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CRISTINA D. SILVA, DISTRICT
JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 81752

FILED

APR 28 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
   DEPUTY CLERK

## ORDER GRANTING PETITION

This is an original petition for a writ of mandamus challenging the district court's denial of petitioner's motion to dismiss.

We have original jurisdiction and discretion to entertain and issue a writ of mandamus. *Gonzalez v. Eighth Judicial Dist. Court*, 129 Nev. 215, 217, 298 P.3d 448, 449-50 (2013). A writ of mandamus compels the performance of an act required by law, and we may exercise our discretion where the petitioner has no "plain, speedy, and adequate remedy in the ordinary course of law" or where the petition raises a legal issue that needs clarification. *Id.* at 217, 298 P.3d at 449-50. In light of the unusual facts here, we exercise that discretion.

Diego Salazar was accused of kidnapping and sexually assaulting six-year-old Z.V. The State called a witness who testified at trial to seeing Salazar and Z.V. emerge from a trailer. The witness, who was

then living in another state, had an outstanding bench warrant for her arrest in a North Las Vegas drug case. Salazar voiced concerns that the State was providing benefits to the witness in exchange for favorable testimony. But the trial judge refused to allow defense counsel to question the witness about her warrant.[1]

Following the witness's testimony, one of the trial prosecutors advised the judge that Assistant District Attorney Robert Daskas wished to speak with him. The judge informed the parties that Daskas had contacted him directly. The judge thereafter spoke to Daskas ex parte in chambers, barring defense counsel from entering, and even admonished defense counsel to "[n]ever walk in my office the way you did again."

The judge ordered the witness to be booked on the warrant, telling the parties that he made that decision independently. When informed of an additional warrant, the judge ordered her booked on that warrant as well.[2] But unbeknownst to defense counsel, the judge also ordered the witness to be immediately released on her own recognizance, effectively quashing the warrants.

Upon learning these facts, defense counsel argued the State had granted the witness some form of immunity, moved for a mistrial, and asked the judge to recuse himself. The prosecutor denied having made any promises to the witness and the judge stated he acted of his own accord.

---

[1]Now-retired Judge Douglas Smith presided over the second trial, at the conclusion of which Salazar was convicted. Judge Christina Silva presided over the motion to dismiss.

[2]The judge also indicated he had the witness booked on a third warrant.

SUPREME COURT
OF
NEVADA

(O) 1947A

The judge denied the motion. Salazar was convicted of second-degree kidnapping and sexual assault of a minor under 14 years of age.

Salazar appealed, and this court reversed and remanded for a new trial based on structural error for the district court's failure to swear in the jury venire, without reaching the claims of prosecutorial and judicial misconduct. On remand, Salazar moved to dismiss the case due to prosecutorial misconduct related to the ex parte communication, on the grounds that the misconduct was so extreme it violated his due process rights under the 14th Amendment. The district court denied the motion,[3] and Salazar filed this original petition for a writ of mandamus asking this court to order the district court to either (1) grant his motion to dismiss due to prosecutorial misconduct, or (2) order the district court to hold an evidentiary hearing on the matter.

The record on the motion to dismiss alleges both judicial and prosecutorial misconduct, but the extent and impact of each is unclear. Although the trial judge claimed to have acted alone in ordering the witness arrested and released, and although one of the two prosecutors stated she made no promises to the witness, the record lacks actual testimony, under oath, as to the essential facts. Notably, it is unclear as to what occurred during the ex parte conference between Daskas and the trial judge, and neither testified under oath to those facts. The record is devoid of evidence as to whether other members of the district attorney's office (such as an investigator, the other prosecutor, a process server, etc.) may have promised the witness immunity or a related benefit in exchange for her testimony. Moreover, the record clearly suggests the witness did receive a benefit here,

---

[3]By this time, Judge Smith had retired and Judge Silva presided over the motion.

SUPREME COURT
OF
NEVADA

(O) 1947A

as she was booked and released immediately following her testimony. But the trial judge prohibited defense counsel from asking any questions whatsoever as to what benefit the witness received in relation to her outstanding warrants or in the prosecution of her outstanding cases, thereby making it impossible to know what the witness would have testified to had she been questioned on these points. The defense attorney should have been allowed to participate in the conversation with the district attorney, but instead the trial judge severely admonished the defense attorney for attempting to protect Salazar's interests, implying defense counsel was facing contempt, while nevertheless allowing the district attorney to enter chambers and speak to the judge alone. The trial judge's actions served to obscure the facts, making it unclear as to what any of these witnesses would have said regarding benefits the witness might have received for testifying. In light of this record, the defendant should have been given an opportunity to examine pertinent witnesses under oath in support of his motion.

In short, that misconduct occurred is clear. But without an evidentiary hearing on the issue, we are unable to determine the extent of

(O) 1947A

the prosecutorial and/or judicial misconduct and, in turn, determine the extent to which the misconduct prejudiced Salazar.

Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to conduct an evidentiary hearing consistent with this order.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:  Chief Judge, Eighth Judicial District Court
     Hon. Cristina D. Silva, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk