# IN THE SUPREME COURT OF THE STATE OF NEVADA

PRICEWATERHOUSECOOPERS LLP,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GONZALEZ, DISTRICT
JUDGE,
Respondents,
   and
MICHAEL A. TRICARICHI,
Real Party in Interest.

No. 82371

**FILED**

SEP 30 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to strike a jury demand.

Petitioner PricewaterhouseCoopers LLP (PWC) and real party in interest Michael Tricarichi signed a contract that incorporated terms containing a jury-trial waiver. The district court denied PWC's motion to strike Tricarichi's jury demand. PWC now seeks a writ of mandamus to vacate the district court's order. It argues that the district court manifestly abused its discretion by (1) failing to analyze whether the terms containing the jury-trial waiver were incorporated into the contract, and (2) concluding that Tricarichi was required to sign the incorporated terms separately.

21-28078

The failure to apply applicable legal authority constitutes "a manifest abuse of discretion that may be controlled through a writ of mandamus." *Gonzalez v. Eighth Judicial Dist. Court*, 129 Nev. 215, 217, 298 P.3d 448, 450 (2013). We have issued a writ of mandamus following the erroneous denial of a motion to strike a jury demand, because there is no adequate remedy in the ordinary course of law. *Lowe Enters. Residential Partners, L.P. v. Eighth Judicial Dist. Court*, 118 Nev. 92, 97, 40 P.3d 405, 408 (2002). We held that a jury-trial waiver is "presumptively valid unless the challenging party can demonstrate that the waiver was not entered into knowingly, voluntarily or intentionally." *Id.* at 100, 40 P.3d at 410.

As a matter of law, the contract here incorporated terms in a separate document containing the jury-trial waiver because it expressly referenced that document. *Lincoln Welding Works, Inc. v. Ramirez*, 98 Nev. 342, 345, 647 P.2d 381, 383 (1982) ("Where reference in a contract . . . indicates an intention to incorporate [separate terms] generally, such reference becomes a part of the contract for all purposes."). Although the jury-trial waiver was a term of the contract, the district court denied PWC's motion to strike because Tricarichi did not sign the separate document with the incorporated terms.[1] However, Nevada contract law does not require that a party sign each page of a contract. *See Roth v. Scott*, 112 Nev. 1078, 1083, 921 P.2d 1262, 1265 (1995) (acknowledging that an

---

[1]Tricarichi argues that the district court acted within its discretion by finding that he never received the incorporated terms. He cites his deposition testimony in support, but separate portions of the record suggest that the incorporated terms were enclosed with the contract. In any event, the district court's order *did not* find that Tricarichi never received the terms. Because the record does not clearly support Tricarichi's argument, we are unpersuaded that the district court acted within its discretion.

agreement between parties may be evidenced by "a written contract, signed by both parties, that includes the[ ] essential terms."); *see generally Energetic Lath & Plaster, Inc. v. Cimini*, Docket No. 66657, at 4 (Order of Affirmance, Dec. 22, 2016). Tricarichi signed the contract, so the incorporated terms bound him regardless of whether he separately signed them. The district court manifestly abused its discretion because it did not apply this law. Like the facts in *Lowe*, PWC does not have an adequate legal remedy and mandamus relief is therefore appropriate. *See* 118 Nev. at 97, 40 P.3d at 408.

Although PWC urges this court to order the district court to grant its motion to strike, we decline to do so. The district court did not make findings under the applicable factors. *See id.* at 101, 40 P.3d at 411 (providing four factors to analyze whether a jury-trial waiver is entered into voluntarily and is therefore enforceable as matter of public policy). Given the fact-intensive nature of this inquiry and the insufficient record on this issue, we cannot summarily conclude that Tricarichi knowingly and voluntarily waived his right to a jury trial. *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance."). Thus, we leave for the parties to litigate the enforceability of the jury-trial waiver in further district court proceedings.[2] Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK

---

[2]In light of this determination, we lift the stay granted by this court on February 26, 2021.

OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order denying PWC's motion to strike the jury demand.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Linda Marie Bell, Chief Judge
       Eighth Judicial District Court, Department 11
       Snell & Wilmer, LLP/Las Vegas
       Bartlit Beck LLP
       Hutchison & Steffen, LLC/Las Vegas
       Sperling & Slater
       Eighth District Court Clerk