# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA
COMMISSIONER OF INSURANCE,
BARBARA D. RICHARDSON, IN HER
OFFICIAL CAPACITY AS RECEIVER
FOR SPIRIT COMMERCIAL AUTO
RISK RETENTION GROUP, INC.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARK R. DENTON, DISTRICT JUDGE,
Respondents,
and
THOMAS MULLIGAN, AN
INDIVIDUAL; CTC TRANSPORTATION
INSURANCE SERVICES OF
MISSOURI, LLC, A MISSOURI
LIMITED LIABILITY COMPANY; CTC
TRANSPORTATION INSURANCE
SERVICES LLC, A CALIFORNIA
LIMITED LIABILITY COMPANY; CTC
TRANSPORTATION INSURANCE
SERVICES OF HAWAII LLC, A HAWAII
LIMITED LIABILITY COMPANY;
CRITERION CLAIMS SOLUTIONS OF
OMAHA, INC., A NEBRASKA
CORPORATION; PAVEL
KAPELNIKOV, AN INDIVIDUAL;
CHELSEA FINANCIAL GROUP, INC.,
A CALIFORNIA CORPORATION;
CHELSEA FINANCIAL GROUP, INC.,
A MISSOURI CORPORATION;
CHELSEA FINANCIAL GROUP, INC.,
A NEW JERSEY CORPORATION, D/B/A
CHELSEA PREMIUM FINANCE
CORPORATION; FOURGOREAN
CAPTIAL, LLC, A NEW JERSEY
LIMITED LIABILITY COMPANY;

No. 82701

FILED

FEB 1 8 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

22-05442

KAPA MANAGEMENT CONSULTING, INC., A NEW JERSEY CORPORATION; KAPA VENTURES, INC., A NEW JERSEY CORPORATION; GLOBAL FORWARDING ENTERPRISES LIMITED LIABILITY COMPANY, A NEW JERSEY LIMITED LIABILITY COMPANY; NEW TECH CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY; LEXICON INSURANCE MANAGEMENT LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY; ICAP MANAGEMENT SOLUTIONS, LLC, A VERMONT LIMITED LIABILITY COMPANY; SIX ELEVEN LLC, A MISSOURI LIMITED LIABILITY COMPANY; 10-4 PREFERRED RISK MANAGERS INC., A MISSOURI CORPORATION; IRONJAB LLC, A NEW JERSEY LIMITED LIABILITY COMPANY; YANINA G. KAPELNIKOV, AN INDIVIDUAL; IGOR KAPELNIKOV, AN INDIVIDUAL; QUOTE MY RIG LLC, A NEW JERSEY LIMITED LIABILITY COMPANY; MATTHEW SIMON, AN INDIVIDUAL; DANIEL GEORGE, AN INDIVIDUAL; JOHN MALONEY, AN INDIVIDUAL; JAMES MARX, AN INDIVIDUAL; CARLOS TORRES, AN INDIVIDUAL; VIRGINIA TORRES, AN INDIVIDUAL; SCOTT MCCRAE, AN INDIVIDUAL; BRENDA GUFFEY, AN INDIVIDUAL; AND 195 GLUTEN FREE LLC, A NEW JERSEY LIMITED LIABILITY COMPANY,
Real Parties in Interest.

### ORDER DENYING PETITION

This original petition for a writ of mandamus challenges several orders in a contract and tort action. The district court placed Spirit

Commercial Auto Risk Retention Group, Inc., into an involuntary receivership and appointed petitioner Commissioner of Insurance, Barbara Richardson as receiver. Richardson then sued the real parties in interest (RPIs) to recover money allegedly owed to Spirit. In her petition, Richardson challenges district court orders compelling arbitration and dismissing the claims as to RPIs CTC Transportation Insurance Services of Missouri, LLC; CTC Transportation Services, LLC; CTC Transportation Services of Hawaii, LLC (collectively, CTC); and Criterion Claims Solutions of Omaha, Inc. (Criterion). Richardson also challenges the district court orders granting the remaining RPIs' motions for a stay of the proceedings pending arbitration.

"[W]here there is not a plain, speedy and adequate remedy in the ordinary course of law," a writ of mandamus may issue "to compel the performance of an act" that the law requires. NRS 34.160; NRS 34.170. Thus, "the right to appeal [a final judgment] is generally an adequate legal remedy that precludes writ relief." *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). Additionally, petitioner must have a legal right to a particular action by the district court. *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020). And, "where a district court [is] entrusted with discretion on an issue, . . . we can issue traditional mandamus only where the lower court has *manifestly* abused that discretion or acted arbitrarily or capriciously." *Id.* Ultimately, however, "because a writ of mandamus is an extraordinary remedy, the decision to entertain a petition for the writ lies within [this court's] discretion." *Gonzalez v. Eighth Judicial Dist. Court*, 129 Nev. 215, 217, 298 P.3d 448, 449-50 (2013).

Richardson has not carried her "burden of demonstrating that extraordinary relief is warranted." *Pan*, 120 Nev. at 228, 88 P.3d at 844.

Regarding the arbitration and dismissal orders, Richardson may appeal from the arbitrator's decision and, to the extent she wishes to challenge the agreements at issue based on fraud or illegality, she can raise these arguments with the arbitrator.[1] *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010) (holding that under the Federal Arbitration Act, a challenge to an arbitration provision is for the courts to decide, while a challenge to an entire contract which includes an arbitration provision is an issue for the arbitrator). Additionally, Richardson argues that her petition raises an important issue warranting writ relief because the district court ordered arbitration despite her argument that the McCarran Ferguson Act, 15 U.S.C. § 1012(b) (providing that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, . . . unless such Act specifically relates to the business of insurance") and NRS Chapter 696B (addressing conservation, rehabilitation, and liquidation of delinquent insurers) reverse-preempt the Federal Arbitration Act, 9 U.S.C. § 2; *see U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev. 180, 189, 415 P.3d 32, 40 (2018) (explaining that the FAA preempts state laws and legal doctrines that are "applied in a fashion that disfavors arbitration"). However, Richardson fails to demonstrate that the arbitration of Spirit's claims against RPIs for torts and contract breaches would impede a specific state

---

[1]Richardson cites to *Janvey v. Alguire*, 847 F.3d 231, 246 (5th Cir. 2017) for the proposition that "arbitration agreements may be rejected when they are instruments of a criminal enterprise." However, *Janvey* is distinguishable in that the receiver in *Janvey* was appointed to assist in unwinding a criminal scheme in which several prominent figureheads had already pleaded guilty and were incarcerated. *Id.* at 237. The district court has not found such a criminal scheme here. Therefore, we are not persuaded by this argument.

law regulating the business of insurance. *See Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 129 (1982) (holding that the hallmark of a regulation affecting "the business of insurance" is that the regulation affects the relationship between insured and insurer). And several courts have rejected Richardson's position. *E.g., Milliman, Inc. v. Roof*, 353 F. Supp. 3d 588, 603 (E.D. Ky. 2018) (concluding that "[s]imply because the business is an insurance company and has become insolvent is not relevant to the regulation of the business of insurance"); *Ommen v. Milliman, Inc.*, 941 N.W.2d 310, 320 (Iowa 2020) (holding under similar facts that "arbitration only alters the forum in which the [receiver] may pursue" common law claims); *see also Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 161 (3d Cir. 2000) (holding that enforcing an arbitration clause against a receiver would not impair the regulation of the business of insurance under a liquidation act, even assuming the liquidation act regulated the business of insurance, because the "proceeding [was] a suit instituted by the Liquidator . . . to enforce contract rights for an insolvent insurer"). Lastly, Richardson argues that the arbitration orders impact her ability to fulfill her obligations as receiver and that the receivership order did not authorize her to initiate arbitration. However, she fails to demonstrate how her concerns are unique to the arbitration agreements at issue here, and the receivership order explicitly stated that the "enumeration of powers shall not be construed as a limitation upon the [r]eceiver." We therefore decline to grant writ relief regarding the dismissals.

Regarding the orders granting the remaining RPIs' request for a stay pending arbitration, we similarly conclude that Richardson has failed to meet her burden. In its discretion, the district court granted a stay because the claims against the remaining RPIs were inextricably intertwined with and depended upon the claims against CTC and Criterion,

SUPREME COURT
OF
NEVADA



(O) 1947A

5

and that a stay would increase judicial economy and simplify the issues. *See* NRS 38.221(6)-(7) (providing that a court "on just terms shall stay any judicial proceeding that involves a claim alleged to be the subject of arbitration"); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and that "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (concluding that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," and that "[t]his rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court"). The district court further noted that, absent a stay, the parties could expend unnecessary resources on duplicative litigation, and that duplicative litigation could lead to inconsistent results. Richardson also recognized the interconnectedness of the claims, arguing in opposition to CTC's and Criterion's respective motions to compel that "[n]early every fraudulent and unlawful act the [petitioner] has identified was transacted by or with the knowledge of CTC," and that "Criterion along with the CTC Defendants were a part of a web of interrelated companies." Based on the foregoing, we conclude that the district court's decision is neither clearly erroneous under NRS 38.221, nor a manifest abuse of its discretion. *See Walker*, 476 P.3d at 1196 (explaining the analysis for mandamus relief where the district court is entrusted with discretion);

*Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 819-20, 407 P.3d 702, 706 (2017) (holding that writ relief may be warranted if the record reflects legal error or an abuse of discretion by the district court). For the foregoing reasons, we

ORDER the petition DENIED.[2]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc:  Hon. Mark R. Denton, District Judge
     Greenberg Traurig, LLP/Las Vegas
     Peterson Baker, PLLC
     Jolley Urga Woodbury Holthus
     Bailey Kennedy
     Saltzman Mugan Dushoff
     Howard & Howard Attorneys PLLC
     Alverson Taylor & Sanders
     Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
     Gordon & Rees Scully Mansukhani LLP/Las Vegas
     Tyson & Mendes LLP
     Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A